[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15557
The defendant father has filed a Motion for Modification Child Support and Custody (Post Judgment) dated April 4, 2000 and coded as number 145.
The marriage of the parties was dissolved on July 31, 1990. The domestic property settlement agreement between the parties, incorporated by reference in the divorce judgment, provided that the parties were to have joint custody of their two minor children, Vincent born March 26, 1983 and Michael born July 23, 1985, and that their primary residence would be with the mother. The agreement provided that the husband shall pay to the wife as support for said minor children the sum of $162.50 per week for each child until each of said children attains the age of 18 years.
The court finds that there has been a substantial change in circumstances in that Vincent has been living with his father since approximately March 1, 2000. The parties have stipulated that Vincent's change in residence does not affect the father's obligation to pay the sum of $162.50 per week as support for Michael. The parties do not agree on support obligation for Vincent.
Since the judgment and agreement did not make provision for a split custody situation, the court finds that the Support obligation is governed by the child support guidelines established pursuant to General Statutes § 46b-215a. Vincent is presently a senior at East Haven High School and he works approximately 30 hours a week at his father's business. Vincent is industrious, he is not emancipated. The mother makes Vincent's former room available for him, however, he does not sleep there. Vincent does regularly come to his mother's house and sometimes eat there. The court finds that the mother does not incur extraordinary expenses for care and maintenance of Vincent which would justify a deviation from presumptive support amounts under section 46b-215a-3 (2). The court also finds that the mother's activities do not constitute the special circumstance of shared physical custody which would permit a deviation under sub-section (6) of section 46b-215a-3.
Utilizing the child support guidelines submitted by the parties the court finds that the presumptive support to be paid by the mother to the father is $54 per week.
Accordingly the court enters the following orders:
1. The parties shall have joint legal custody of Vincent Amodio, Jr., primary residence with the father. CT Page 15558
2. The plaintiff mother is to pay the defendant father child support in the amount of $54 per week.
3. The child support order is retroactive to April 4, 2000 in accordance with § 46b-86(a).
Domnarski, J.